Filed 12/1/14  Steen v. County of Los Angeles CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DONYA STEEN et al., | B249613 |
| Plaintiffs, | (Los Angeles County Super. Ct. No. BC492258) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant, Cross-defendant and Respondent, | |
| WONDRA HOPE HUNTER, | |
| Defendant, Cross-complainant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Affirmed.

Law Offices of Leo James Terrell and Leo James Terrell for Defendant, Cross-complainant and Appellant.

Collins Collins Muir + Stewart, Melinda W. Ebelhar, Tomas A. Guterres and Christie Bodnar Swiss for Defendant, Cross-defendant and Respondent.

\* \* \* \* \* \*

Cross-complainant Wondra Hope Hunter appeals a judgment after the trial court sustained cross-defendant County of Los Angeles's (the County's) demurrer to her first amended cross-complaint without leave to amend. We affirm.

## BACKGROUND

Following the death of their daughter and granddaughter, plaintiffs Donya Steen, Marion Steen-Prager, and Michael Prager filed a civil rights action against the County, Hunter, and Lorna Hornbeek, who were both social workers employed by the Los Angeles County Department of Children and Family Services. Plaintiffs sought punitive damages. The County demurred.

While the demurrer was pending, the County sent a letter to Hunter (attached as an exhibit to Hunter's cross-complaint) indicating the allegations against Hunter involved conduct within the course and scope of her employment so the County would provide a defense to her and indemnify her for any settlement or judgment for compensatory damages. It noted by statute it was not obligated to pay an award of punitive damages against Hunter and would only do so in its sole discretion if it determined the conditions in Government Code section 825 were satisfied.[1] It assigned the Law Offices of David Weiss (Weiss) to represent Hornbeek and Hunter, while the County was represented by separate counsel. It noted there was an inherent potential for a conflict of interest from the joint representation of Hornbeek and Hunter, but it was unaware of any actual

---

[1]    Government Code section 825, subdivision (b) authorizes, but does not require, a public entity to pay punitive or exemplary damages assessed against a public employee "if the governing body of that public entity, acting in its sole discretion except in cases involving an entity of the state government, finds all of the following:  [¶]  (1) The judgment is based on an act or omission of an employee or former employee acting within the course and scope of his or her employment as an employee of the public entity.  [¶]  (2) At the time of the act giving rise to liability, the employee or former employee acted, or failed to act, in good faith, without actual malice and in the apparent best interests of the public entity.  [¶]  (3) Payment of the claim or judgment would be in the best interests of the public entity."  All further undesignated statutory citations are to the Government Code unless otherwise noted.

2

conflict. If a conflict arose and Weiss withdrew from representation, the County indicated it would provide separate counsel to Hunter.

Hunter refused the County's defense and retained separate counsel to defend the lawsuit.

After the County sent Hunter this letter, plaintiffs filed a notice of intent to file a first amended complaint in lieu of responding to the County's demurrer. Rather than wait for plaintiffs to file an amended complaint, Hunter (through her separate counsel) filed an answer to the original complaint and a cross-complaint against the County seeking to recover attorney fees and costs for her separate counsel. Four days after Hunter filed her answer and cross-complaint, plaintiffs filed their first amended complaint, dropping the claim for punitive damages.

Hunter answered the amended complaint and filed an amended cross-complaint, alleging several conflicts of interest arose from Weiss's representation, which "constructively denied" her a defense and forced her to retain private counsel. For example, she claimed the County sought to impose discipline on her and Hornbeek for the death underlying the civil suit, and during civil service commission hearings the County and Hornbeek attempted to blame Hunter for the death. She also claimed Weiss was "controlled" by the County because he had a "symbiotic relationship" with the County, provided legal services for a set fee pursuant to a contract with the County, represented the County in "numerous" prior and pending cases, and had a financial interest in the "lucrative" contract with the County.

Both the County and Hornbeek (through Weiss) demurred to plaintiffs' first amended complaint, which the trial court sustained without leave to amend. Hunter filed a similar motion for judgment on the pleadings, but before the trial court could rule on it, plaintiffs filed a request for dismissal with prejudice, prompting Hunter to withdraw her motion.

The County also demurred to Hunter's cross-complaint, which the trial court sustained without leave to amend, relying on *City of Huntington Beach v. Petersen Law Firm* (2002) 95 Cal.App.4th 562 (*Huntington Beach*) to conclude Hunter was not entitled

3

to separate counsel at the County's expense.  The court entered judgment and Hunter timely appealed.**²**

## STANDARD OF REVIEW

"We review de novo the sustaining of a demurrer.  [Citation.]  "'In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action."'"  (*Barker v. Garza* (2013) 218 Cal.App.4th 1449, 1454.)

"[W]here the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so.  [Citations.]  On review of the trial court's refusal to grant leave to amend, we will only reverse for abuse of discretion if we determine there is a reasonable possibility the pleading can be cured by amendment.  Otherwise, the trial court's decision will be affirmed for lack of abuse."  (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497-1498.)

## DISCUSSION

Several provisions of the Government Code govern a public entity's obligation to provide a public employee with a defense in a civil action.  "Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity."  (§ 995.)  The County may satisfy this duty to provide a defense either "by its own attorney or by

---

**²**    In her notice of appeal, Hunter purported to appeal from the trial court's order sustaining the County's demurrer, which was not appealable.  But we will liberally construe the notice to apply to the judgment of dismissal entered after the demurrer was sustained.  (*Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 202-203.)

4

employing other counsel for this purpose or by purchasing insurance which requires that the insurer provide the defense." (§ 996.)

However, the public entity's duty is not unlimited. As relevant here, "A public entity may refuse to provide for the defense of a civil action or proceeding brought against an employee or former employee if the public entity determines any of the following: [¶] (1) The act or omission was not within the scope of his or her employment. [¶] (2) He or she acted or failed to act because of actual fraud, corruption, or actual malice. [¶] (3) The defense of the action or proceeding by the public entity would create a specific conflict of interest between the public entity and the employee or former employee. For the purposes of this section, 'specific conflict of interest' means a conflict of interest or an adverse or pecuniary interest, as specified by statute or by a rule or regulation of the public entity." (§ 995.2, subd. (a).)

"If a public entity fails or refuses to comply with its duty to provide a defense -- for example, because it erroneously believes that one of the exceptions applies -- and the employee retains his or her own counsel to defend the action, the employee is entitled to recover from the public entity the reasonable attorney's fees and other expenses incurred in presenting the defense. (§ 996.4.)" (*Huntington Beach, supra*, 95 Cal.App.4th at pp. 566-567.)

In this case, the County did not refuse to provide Hunter with a defense. To the contrary, it offered to pay for Weiss to defend both Hunter and Hornbeek, while the County was represented by separate counsel. The County was aware of no conflict of interest from the joint representation, and it assured Hunter if an actual conflict arose, the County would provide separate counsel. Although Hunter alleged several conflicts of interest required the County to pay for separate counsel of her choosing, *Huntington Beach* rejected a similar argument under similar facts. There, as in this case, the city did not refuse to defend the employee officers in the underlying civil lawsuit. Instead, the city provided the officers with the same counsel it retained for itself. The officers rejected the defense on the ground that there was an actual or potential conflict of interest between themselves and the city that required separate representation, which the city

5

improperly refused to furnish. The court concluded that, even if actual or potential conflicts of interest existed, the city could not be forced to pay for separate counsel. (*Huntington Beach, supra*, 95 Cal.App.4th at p. 567.)

"The answer is most obvious when considering an employee's rights and a public entity's obligations in the event of an actual conflict of interest between them. Under those circumstances, the public entity need not provide any defense whatsoever. (§ 995.2, subd. (a)(3); see, e.g., *Stewart v. City of Pismo Beach* (1995) 35 Cal.App.4th 1600, 1605-1606.) The public entity's right to refuse to provide any defense at all necessarily includes the right to refuse to provide a separate defense.

"By contrast, when the conflict of interest is only potential rather than actual, the public entity remains obligated to provide a defense. Although subdivision (a)(3) of section 995.2 does not distinguish between actual and potential conflicts of interest when describing a public entity's right to refuse to provide a defense to its employees, subdivision (c) of that section makes clear that a public entity is relieved of its duty to defend only when an 'actual' conflict of interest exists.

"But a public entity has *no* obligation to provide that employee with a *separate* defense. The liability of public entities is entirely statutory. (§ 815, subd. (a).) Although public entities are statutorily obligated to defend their employees (§ 995), even if a potential conflict of interest exists (§ 995.2), no statute specifies that a public entity is liable for the cost of providing an entirely separate defense for an employee instead of a joint defense of the public entity and the employee (see *DeGrassi v. City of Glendora* (9th Cir. 2000) 207 F.3d 636, 643).

"Nor does decisional law support liability to provide a separate defense. To the contrary, the courts have expressly refused to establish 'a judicially declared right to independent counsel . . . .' (*Laws v. County of San Diego* (1990) 219 Cal.App.3d 189, 192.) Because of the potentially enormous fiscal impact on state and local governments, the importance of the relationship between public employers and their employees (*id.* at p. 201), and the extensive statutory scheme already in place, such a broad extension of existing law should be made by the Legislature, not the courts (*id.* at p. 192)."

6

(*Huntington Beach, supra*, 95 Cal.App.4th at pp. 567-568, fn. omitted; see *City of San Diego v. Haas* (2012) 207 Cal.App.4th 472, 501-502 [citing *Huntington Beach* to reject argument that conflict of interest in dual representation of city and public employee class required the appointment of separate counsel, whether conflict was actual or merely potential].)

Under this reasoning, if Hunter's alleged conflicts of interest were actual conflicts, the County had no obligation to provide any defense to Hunter, let alone a separate defense. (§ 995.2, subd. (a)(3).) If the conflicts were merely potential, the County's letter implicitly waived those conflicts when it provided joint counsel to Hunter and Hornbeek and agreed to provide separate counsel if an actual conflict arose. (§ 996.) As *Huntington Beach* explained, Hunter's options at that point were to "join the public entity in waiving the potential conflict and accept the public entity's offer of a joint defense. Or the employee may refuse to waive the potential conflict of interest, decline the proffered joint representation, and retain separate representation at the employee's own expense." (*Huntington Beach, supra*, 95 Cal.App.4th at p. 568.) Hunter chose the latter course.

Hunter argues the County was unwilling to waive any potential conflicts of interest when it provided a defense that included a "reservation of rights" regarding punitive damages. Hunter relies on dicta in a footnote in *Huntington Beach*, in which the court suggested, "Arguably, if the public entity is not willing to waive the potential conflict, it may be obligated to provide a separate defense. However, we do not consider that possibility here. There is no evidence that the City refused to waive any potential conflict of interest. To the contrary, by providing a joint representation without any reservation of rights, it indicated its willingness to accept any potential conflicts." (*Huntington Beach, supra*, 95 Cal.App.4th at p. 568, fn. 3.)

We need not decide whether to apply this reasoning here because, as in *Huntington Beach*, nothing in the County's letter offering a defense to Hunter could rationally be interpreted as either a unwillingness to waive any potential conflicts or a "reservation of rights" on punitive damages. The County expressly recognized the potential for conflicts of interest in the dual representation of Hunter and Hornbeek and

7

implicitly waived them by appointing Weiss to jointly represent them. The County even went so far as to offer separate counsel to Hunter in the event an actual conflict forced Weiss to withdraw from representing her, which it was not obligated to do. (§ 995.2, subd. (a)(3); *Huntington Beach, supra*, 95 Cal.App.4th at p. 567.)

The County also did not reserve its rights with regard to punitive damages; it simply recited its statutory discretion to pay any punitive damages award and the requirements for doing so. Even if this could be interpreted as a "reservation of rights" as Hunter contends, "the mere existence of a punitive damages claim does not necessarily create a conflict of interest requiring the appointment of independent counsel" for an employee. (*Laws v. County of San Diego, supra*, 219 Cal.App.3d at p. 199 [rejecting argument that employees would be "'hung out to dry'" on punitive damages when compensatory damages are vigorously defended against and there is no dispute over the course and scope of employment requirement].)

As the court in *Huntington Beach* concluded, whether there was an actual or potential conflict of interest from Weiss's representation of Hunter, the County was not obligated to provide Hunter with a separate defense of her choosing. (*Huntington Beach, supra*, 95 Cal.App.4th at p. 570.) The trial court therefore properly sustained the County's demurrer to her cross-complaint. Hunter failed to demonstrate a reasonable possibility an amendment could cure the pleading defects, so the trial court acted within its discretion in denying leave to amend.

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.                    GRIMES, J.

8